UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANDRA WETHERSPOON as Administrator of the Estate of BRENDA THOMPSON, deceased, and beneficiaries under a life insurance policy issued to BRENDA THOMPSON,<br><br>Plaintiff,<br><br>v.<br><br>COLUMBUS LIFE INSURANCE COMPANY,<br><br>Defendant. | Case No. 11-CV-3830<br><br>Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Dandra Wetherspoon, as the administrator of Brenda Thompson's ("Thompson") estate and on behalf of the beneficiaries of a life insurance policy issued to Thompson, filed a Second Amended Complaint against the Defendant, Columbus Life Insurance Company ("Columbus Life"). Plaintiff alleges that the Defendant breached the terms of a life insurance agreement and is seeking to recover the policy benefits. Plaintiff alleges in Count I that Defendant breached the agreement by failing to pay Plaintiff's life insurance claim. In Count II, Plaintiff seeks statutory damages pursuant to 215 ILCS 5/155 ("Section 155"), alleging that Defendant unreasonably and vexatiously refused to pay Thompson's claim.

Jurisdiction over these claims exists pursuant to 28 U.S.C. § 1332; and venue is proper in this district pursuant to 28 U.S.C. § 1391(b). Discovery closed and, thereafter, Defendant filed a Motion for Summary Judgment on all counts of Plaintiff's Second Amended Complaint.

## BACKGROUND[1]

The following is taken from the parties' statements of undisputed material facts submitted in accordance with Local Rule 56.1.[2] Plaintiff filed this lawsuit on behalf of named beneficiaries of an insurance policy with a face amount of $100,000 issued by Columbus Life on the life of Thompson. (Def.'s 56.1(a)(3) Statement ¶ 1.) On April 22, 2008, Thompson completed an application for a life insurance policy to be issued by Columbus Life. (Id. ¶ 4.) Upon receiving the application, Columbus Life reviewed the information provided by Thompson and decided to issue Thompson a life insurance policy. (Id. ¶ 10.) On May 7, 2008, Columbus Life issued Thompson a policy. (Pl.'s 56.1(b)(3)(C) Statement ¶ 1.) The policy was delivered to Thompson on May 24, 2008. (Def.'s 56.1(a)(3) Statement ¶ 10.)

On March 17, 2008, Thompson was evaluated at the Emergency Room at Stroger Memorial Hospital, complaining of abdominal pain. (Id. ¶ 11.) As a result, Thompson underwent a CT scan of her abdomen and pelvis, as ordered by the ER staff.

---

[1] Local Rule 56.1(a)(3) requires a party moving for summary judgment to provide "a statement of material facts as to which the moving party contends there is no genuine issue." Rule 56.1(b)(3) then requires the nonmoving party to admit or deny each factual statement proffered by the moving party and to concisely designate any material facts that establish a genuine dispute for trial. See Schrott v. Bristol-Myers Squibb Co., 403 F.3d 940, 944 (7th Cir. 2005). A litigant's failure to dispute the facts set forth in an opponent's statement in the manner dictated by Local Rule 56.1 results in those facts being deemed admitted for purposes of summary judgment. Smith v. Lamz, 321 F.3d 680, 683 (7th Cir. 2003). Local Rule 56.1(b)(3)(C) permits additional material facts to be provided by the nonmoving party. Local Rule 56.1(a)(3) then allows the moving party to submit a concise reply to these additional facts.

[2] Columbus Life has submitted a "reply" to Plaintiff's response to Columbus Life's Local Rule 56.1(a)(3) statement of facts. The Local Rules do not permit a moving party to provide a reply to a response to the statement of facts submitted by the opposing party. Therefore, Columbus Life's "reply" to Plaintiff's response to Columbus Life's statement of facts is not considered.

(*Id.*) On April 8, 2008, Thompson was again evaluated at the Stroger Emergency Room, complaining of indigestion and abdominal pain. (*Id.* ¶ 12.) As a result, Thompson was prescribed pantoprazole for the treatment of acid reflux. (*Id.*) Thompson's daughter testified that Thompson did not take the pantoprazole. (Pl.'s Resp. to Def.'s 56.1(a)(3) Statement ¶ 12.) On April 30, 2008, Dr. Susan Gilkey, a radiologist at Stroger, reviewed the CT scan completed on March 17, 2008, and determined that Thompson had a mass in her stomach, which was potentially cancerous. (*Id.* ¶ 14.)

On May 5, 2008, an endoscopy was performed on Thompson. (*Id.* ¶ 15.) The endoscopy confirmed that Thompson had a large, malignant-appearing mass in her stomach. (*Id.*) On May 7, 2008, Thompson underwent a colonoscopy and was subsequently discharged from Stroger. (Def.'s 56.1(a)(3) Statement ¶ 15; Pl.'s 56.1(b)(3)(C) Statement ¶ 1.) On May 19, 2008, a final report was issued, stating that Thompson had gastric cancer. (Pl.'s 56.1(b)(3)(C) Statement ¶ 2.) Columbus Life argues that the diagnosis of cancer was confirmed in Thompson's May 7, 2008 discharge summary. (Def.'s Resp. to Pl.'s 56.1(b)(3)(C) Statement ¶ 2.)

Thompson's policy application, completed on April 22, 2008, contained a provision, which stated that by signing the application, Thompson agreed that " . . . the Company shall incur no liability under this application unless a policy issued on this application has been received by the Owners . . . while the health of the [proposed insured] remains as described in the application." (Def.'s 56.1(a)(3) Statement ¶¶ 4, 5.) Question K(1) on the application asked Thompson whether, within the prior twelve months, she had lost or gained any weight and to how much that loss or gain amounted.

3

(*Id.* ¶ 6.) In response, Thompson stated that she had lost no weight. (*Id.*) As part of the application process, Columbus Life received a paramedical examination form, dated February 20, 2008, which had been completed in connection with Thompson's separate application for a policy to be issued by another insurance company. (*Id.* ¶ 9.) The form stated that Thompson weighted 145 pounds as of that date. (*Id.*) Thompson listed her weight as 130 on her application. (Def.'s 56(a)(3), Ex. 1.) Keith Brown, an underwriter for Columbus Life, testified that the fifteen-pound weight difference between the weight stated on the application and the weight stated on a paramedical form would not be uncommon. (Def.'s Resp. to Pl.'s 56.1(B)(3)(C) Statement ¶ 4.)

Question K(3) asked Thompson whether she has ever consulted a physician or medical practitioner for, or been treated for, a disorder of the stomach. (Def.'s 56(a)(3) Statement. ¶ 7.) Thompson responded in the negative. (*Id.*) Question K(13) asked Thompson whether she was now under treatment, observation, or taking any medication. (*Id.*) Thompson responded in the negative. (*Id.*) Thompson died on August 30, 2008. (*Id.* ¶ 11.) Plaintiff thereafter filed a claim for policy death benefits, which was denied. (*Id.*)

## LEGAL STANDARD

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying the evidence it believes demonstrates the absence of a

4

genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). If the moving party meets this burden, the nonmoving party cannot rest on conclusory pleadings but, rather, "must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial." *Serfecz v. Jewel Food Stores*, 67 F.3d 591, 596 (7th Cir. 1995) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986)). A mere scintilla of evidence is not enough to oppose a motion for summary judgment, nor is a metaphysical doubt as to the material facts. *Robin v. Espo Eng. Corp.*, 200 F.3d 1081, 1088 (7th Cir. 2000) (citations omitted). Rather, the evidence must be such "that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica, Ind.*, 259 F.3d 619, 625 (7th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (*Anderson*)).

In considering a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. *Abdullahi v. City of Madison*, 423 F.3d 763, 773 (7th Cir. 2005) (citing *Anderson*, 477 U.S. at 255). The court does not make credibility determinations or weigh conflicting evidence. *Id.*

## ANALYSIS

Defendant moves for summary judgment on both Counts I and II of the Plaintiff's Second Amended Complaint. Defendant argues that they may rescind the life insurance policy for two reasons: (1) Thompson made material misrepresentations on her application for life insurance, and (2) Thompson failed to satisfy the condition precedent of maintaining the same health as stated on her application prior to issuance of the policy. Because there exists genuine issues of material fact about the truth or falsity of Thompson's answers to questions presented in the application and when Thompson was actually diagnosed with gastric cancer, Defendant's Motion for Summary Judgment is denied.

### *Material Misrepresentation*

There are several disputed issues of material fact regarding whether Thompson's answers to questions in her application for life insurance are true or false. Section 154 of the Illinois Insurance Code provides:
> No such misrepresentation or false warranty [in a written insurance application] shall defeat or avoid the policy unless it shall have been made with actual intent to deceive or materially affects either the acceptance of the risk or the hazard assumed by the company.

215 Ill. Comp. Stat. 5/154. "A misrepresentation in an application for insurance is a statement of something as a fact which is untrue and affects the risk undertaken by the insurer." *Ratcliffe v. Int'l Surplus Lines Co.*, 550 N.E. 2d 1052, 1057 (Ill. App. Ct. 1990). "Whether a misrepresentation occurred is determined objectively, on the basis of the facts known to the insured at the time of application." *Id.* at 1057-58. "The materiality and truth or falsity of representations are questions of fact to be resolved by a

6

jury." *Weinstein v. Metro. Life Ins. Co.*, 60 N.E.2d 207, 210 (Ill. 1945).

There are several reasons why the Defendant has not established the absence of a genuine issue of material fact. First, Thompson answered the question regarding whether she had lost weight in the negative; but there is an issue of fact about whether she had lost weight at the time of the application and whether that would have amounted to a material risk. On the date of the application, Thompson stated that she weighed 130 pounds, yet the accuracy of this statement is unknown. By Defendant's own admission, a fifteen-pound differential on the application and the paramedical form would not be uncommon, presumably because applicants do not always know their exact weight. According to the paramedical form, in February 2008, Thompson weighed 145 pounds. Thompson's actual weight at the time of the application is unknown. It is undisputed that Thompson lost weight as a result of her medical condition, but the amount of weight actually lost at the time of the application is in dispute. Furthermore, because the amount of weight lost at the time of the application is unknown, it is also unknown whether this would have increased the risk to the Defendant. Thus, Thompson's response to the question about whether she had lost any weight is in dispute.

Next, there is an issue of fact regarding whether Thompson did, in fact, have a stomach disorder at the time she completed the application. Thompson had seen a doctor twice for indigestion and abdominal pain before completing her application. However, she was prescribed medication for acid reflux. Whether acid reflux is a disorder of the stomach is a disputed issue of fact. A contract is ambiguous if it is "reasonably and fairly susceptible to more than one meaning." *Sigma Cos., Inc. v. Regas*, 627 N.E.2d 256, 260

7

(Ill. App. Ct. 1993). "[A]ny ambiguities in the provisions of an insurance policy will be construed against the drafter of the instrument, the insurer, and in favor of the insured." *Heller v. Equitable Life Assurance Soc'y of the U.S.*, 833 F.2d 1253, 1256 (7th Cir. 1987). Undefined terms should "be construed with reference to the average, ordinary, normal, reasonable person." *Gillen v. State Farm Mut. Auto. Ins. Co.*, 830 N.E.2d 575, (2005). This question is ambiguous as it calls for an interpretation of the facts known on the part of the applicant, as opposed to a simple disclosure of clear, historical facts. Objectively, based on the facts known to Thompson at the time, Thompson could have reasonably believed that she did not have a stomach disorder. She may have understood acid reflux to be related to heartburn, an esophageal or gastro-intestinal disorder, or even a dietary or nutritional issue. It is unknown what Thompson understood this question to mean, and the definition of the phrase "disorder of the stomach" is unknown. Thus, the truth or falsity of Thompson's answer to this question is a question for the jury to determine.

Finally, there is an issue of fact regarding whether Thompson was undergoing treatment, observation, or taking medication at the time of her application. Again, this question is ambiguous for similar reasons that the stomach disorder question is ambiguous. What "treatment or observation" exactly means to a layperson, as opposed to a medical professional is in dispute. "Treatment or observation" might mean chemotherapy or dialysis to a layperson, as opposed to two separate incidents of abdominal discomfort and acid reflux. Thus, there is a fact in dispute regarding whether this answer is actually true or false. Furthermore, although Thompson was prescribed

8

medicine for her acid reflux, Thompson's daughter testified that Thompson never took the medication. Therefore, there is an issue of fact as to whether Thompson was "taking medication" at the time of her application. There still exists a genuine issue of fact regarding whether Thompson's negative response to the question as to whether she was under treatment or observation is true or false.

*Failure to Satisfy Condition Precedent*

A genuine issue of material fact exists as to when Thompson's health changed from being cancer-free to having cancer; thus, there exists an issue of fact as to whether the condition precedent was or was not met. A "condition precedent is some act that must be performed or event that must occur before a contract becomes effective or before one party to an existing contract is obligated to perform."
*Hardin, Rodriguez & Boivin Anesthesiologists, Ltd. v. Paradigm Ins. Co.*, 962 F.2d 628, 633 (7th Cir. 1992) (*Hardin*) (citing *Kilianek v. Kim*, 548 N.E.2d 598, 600 (Ill. App. Ct. 1989)). "The failure to perform a condition precedent may be construed as a breach of contract." *Hardin*, 962 F.2d at 633(citing *Jones v. Seiwert*, 518 N.E.2d 394, 397 (Ill. App. Ct. 1987)).

Again, Defendant has failed to demonstrate the absence of a genuine issue of material fact because it is unclear when Thompson was actually diagnosed with gastric cancer and whether her diagnosis occurred before or after the policy was issued. The Defendant contends that Thompson was diagnosed on May 5, 2008. The Plaintiff argues that Thompson was officially diagnosed on May 19, 2008, after the application and issuance of the policy. Thus, Thompson's state of health at the time the policy was

9

issued is disputed. As such, there exists an issue of fact as to whether Thompson's health had changed before the date of issuance of the policy.

## CONCLUSION

For the reasons set forth above, Defendant's Motion for Summary Judgment [24] is denied.

Date: 1-18-13

JOHN W. DARRAH
United States District Court Judge